NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAWN R. STEVENS, | No. 14-35153 |
| Plaintiff-Appellant, | D.C. No. 1:12-cv-02141-BR |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted July 8, 2016**
Portland, Oregon

Before: PREGERSON, BEA, and OWENS, Circuit Judges.

Plaintiff-Appellant Shawn R. Stevens appeals the district court's decision to

affirm the Commissioner of Social Security's denial of Stevens's application for

disability insurance benefits under Title II of the Social Security Act. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

A judgment by the district court upholding an administrative law judge's ("ALJ") decision is reviewed de novo. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The ALJ's findings may be reversed only if they are based on legal error or are not supported by substantial evidence. *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). A harmless error cannot be the basis for reversal. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

It is uncontested that the ALJ failed to discuss Stevens's left eye impairment at step two; this was error and grounds for reversal. Although Stevens has 20/20 vision in his left eye, he frequently experiences blurry or foggy vision, flashes, and large floaters. Because of these obstructions, Stevens has difficulty seeing and focusing with his left eye. The ALJ did discuss Stevens's left eye impairment at step three, and when determining Stevens's residual functional capacity before considering step four. But the ALJ focused almost exclusively on Stevens's 20/20 vision and failed to address the impairments in Stevens's left eye.[1] As a result, the

---

[1] The ALJ also erred by incorrectly stating that Dr. Wang's 2011 restriction on strenuous physical activity was a one-time restriction, lasting only six weeks. The record reflects that the restriction lasted at least nine months, based on a series of six-week renewals. Because of this factual error, the ALJ improperly rejected the importance of Dr. Wang's prohibition on strenuous activity; the ALJ also failed to

2

ALJ did not consider the effects these impairments had on Stevens's residual functional capacity and did not take these impairments into account when structuring the hypothetical question to the vocational expert.

We cannot say these errors did not prejudice Stevens. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). Had the ALJ properly considered the effects of Stevens's left eye limitations, in combination with his lack of depth perception and blindness in Stevens's right eye, the outcome of the case would likely have been different. Because the error was consequential to the ultimate non-disability finding, the error was not harmless. *See id.*

Accordingly, because the case must be remanded for reconsideration of step two, we do not reach the other arguments raised on appeal. We reverse and remand for further proceedings consistent with this decision.

**REVERSED and REMANDED.**

---

address whether the restriction was expected to last the additional three months needed to meet the twelve-month durational requirement. *See* 20 C.F.R. § 404.1509.